Michael T. Pieja (CA Bar No. 250351)
Alan E. Littmann (*pro hac vice* to be filed)
Jennifer Greenblatt (*pro hac vice* to be filed)
Doug Winnard (CA Bar No. 275420)
Andrew J. Rima (*pro hac vice* to be filed)
Emma C. Neff, M.D., J.D. (*pro hac vice* to be filed)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
564 W. Randolph St., Suite 400
Chicago, IL 60661
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
jgreenblatt@goldmanismail.com
dwinnard@goldmanismail.com
arima@goldmanismail.com
eneff@goldmanismail.com

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant. | **Case No. 5:18-cv-00357-LHK**<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>DATE: Thursday, May 31, 2018<br>TIME: 1:30 p.m.<br>COURTROOM: 8, 4th Floor<br>JUDGE: Hon. Lucy H. Koh<br><br>[Filed concurrently with Declaration of Michael T. Pieja and Exhibits; Proposed Order] |

## NOTICE OF MOTION AND STATEMENT OF RELIEF REQUESTED

Please take notice that on May 31, 2018 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Lucy H. Koh located in the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 8, 4th Floor, 280 South First Street, San Jose, CA 95113, Defendant Apple Inc. ("Apple") will and hereby does move for an order staying all proceedings in this action pending final resolution of the pending *inter partes* review (IPR) proceedings relating to U.S. Patent No. 9,414,199 ("the '199 Patent") before the Patent Trial and Appeal Board, including any appeals therefrom.  Apple has filed, concurrently herewith, an Administrative Motion to Shorten Time for the briefing of this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This is an early-stage patent-infringement case in which all but one of the asserted claims are subject to an instituted *inter partes* review (IPR).  To avoid unnecessary or duplicative effort, this case should be stayed until those IPR proceedings are resolved.

A few months after this case was filed, Defendant Apple Inc. ("Apple") petitioned the Patent Trial and Appeal Board ("PTAB") to institute IPRs relating to both patents-in-suit.  All but one of the asserted claims here are from one of those patents: U.S. Patent No. 9,414,199 ("the '199 Patent").  On March 8, the PTAB instituted an IPR covering all claims of that patent.  The PTAB declined institution on only a single claim—the sole asserted claim of U.S. Patent No. 8,239,852 ("the '852 Patent")—although it is still considering a separate IPR request on that claim.

In these circumstances, each of the three relevant factors weighs in favor of a stay.  First, this litigation is still in its early stages: the case was recently transferred from another district, there is no schedule in place, the *Markman* hearing has not yet been held, no substantive depositions have been taken, and no trial date has been set.  Second, the IPR proceedings will simplify the issues in this litigation.  Every claim of the '199 Patent is subject to the IPR.  If the PTAB cancels all of these claims, there will no need to litigate any issue relating to that patent.  Even if some of the '199 Patent's claims survive, a final determination from the PTAB would narrow the claims Uniloc could assert, the invalidity arguments that Apple could raise, or both.  Further, efficiency dictates that the stay here should include the single asserted claim of the '852 Patent that is not currently subject to IPR.  The '852 and '199 Patents share a common inventor and prosecuting attorney.  In addition, Uniloc has asserted both patents against many of the same products, and there are at least five witnesses with knowledge relevant to both patents.  Staying all claims relating to both the '199 and '852 Patents will eliminate the potential for duplicative depositions of these witnesses, as well as duplicative pretrial proceedings and, potentially, trials.

Third, a stay will not cause Uniloc any undue prejudice or tactical disadvantage.  Uniloc is a non-practicing entity.  It does not make or sell any products covered by the asserted patents, and does not compete with Apple.  Any conceivable harm Uniloc may suffer from a stay can be

addressed with monetary damages. Accordingly, Apple respectfully requests that the Court grant Apple's motion to stay.

## II. BACKGROUND

Over the last two years, the Uniloc plaintiffs have filed 19 separate patent-infringement complaints against Apple, asserting almost 30 patents in total. This case is the second-filed of those complaints. Uniloc's original complaint in this action alleged infringement of three patents: the '852 Patent, the '199 Patent, and U.S. Patent No. 8,838,976. (ECF No. 1.) This case has since narrowed: Uniloc withdrew its claims relating to the '976 Patent (ECF No. 66), admitting that the patent "is probably commercially worthless." (Ex. A, IPR2017-01850, Patent Owner Response at 1.)[1] As a result, only the '852 and '199 Patents remain. (ECF No. 70.)

This case was initially filed on April 3, 2017, in the Eastern District of Texas, before Judge Rodney Gilstrap. Apple promptly petitioned the PTAB to institute IPR on all asserted claims. (Ex. B, IPR2017-01993, Paper No. 1; Ex. C, IPR 2017-02041, Paper No. 1; Ex. D, IPR2017-02202, Paper No. 1.) On September 1, 2017, while the IPR petitions were still pending, Apple moved to stay. (ECF No. 71.) Judge Gilstrap denied that motion without prejudice, stating that "Apple may refile a more current version [of the stay motion] within 14 days following the PTAB's institution decisions." (ECF No. 73 at 2.) In the meantime, on December 22, 2017, Judge Gilstrap granted Apple's motion to transfer this case to the Northern District of California. (ECF No. 104.)

Although a Case Management Conference has been set for May 2, no schedule has been entered, and no deadlines have been set for fact discovery, expert discovery, dispositive motions, or trial. (ECF No. 116.) Uniloc has not served updated infringement contentions to conform with this Court's Patent Local Rules. No substantive depositions have occurred, and there has been no *Markman* hearing.[2]

On March 8, 2018, the PTAB instituted Apple's IPR petition for the '199 Patent. (Ex. E, IPR 2017-01993, Paper No. 10.) The instituted proceedings cover two separate grounds of

---

[1] All exhibits hereto are attached to the Declaration of Michael T. Pieja ("Pieja Decl.")

[2] Apple deposed Uniloc's General Counsel, Sean Burdick, on limited transfer-related issues. Apple has also offered to provide certain witnesses for deposition between April 11 and May 1, and Uniloc has requested an additional deposition on April 4.

invalidity for each of claims 1-5 of the '199 Patent. (*Id.* at 43.) These five claims are the only asserted claims for, and the only claims that exist in, that patent. (Ex. F, '199 Patent at 8:7-40.) As noted above, Apple has also filed two petitions for *inter partes* review of the '852 Patent. (Ex. C, IPR 2017-02041, Paper No. 1; Ex. D, IPR2017-02202, Paper No. 1.) The PTAB declined to institute an IPR based on the first of these petitions (Ex. G, IPR2017-02041, Paper No. 10), but the second petition remains pending. A decision on that petition is expected no later than May 6, 2018.

## III. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In this district, there is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *PersonalWeb Techs., LLC et al. v. Facebook, Inc.*, No. 5:13-CV-01356, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014) (internal citations omitted); *see also Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-cv-02168-EJD, 2011 WL 4802958 at *2 (N.D. Cal. Oct. 11, 2011); *Advanced Micro Devices, Inc. v. LG Electronics, Inc.*, No. 5:14-cv-01012-SI, 2015 WL 545534, at *2 (N.D. Cal. Feb. 9, 2015). In determining whether to grant a stay pending *inter partes* review, courts consider "(1) whether discovery is complete and a trial date has been set; (2) whether a stay [will] simplify the issues in question and trial of the case; and (3) whether a stay [will] unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Facebook*, 2014 WL 116340 at *3; *see also Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587-DMR, 2013 WL 6672451, at *1 (N.D. Cal. Dec. 18, 2013); *IXI Mobile (R &D) v. Samsung Electronics Co. Ltd.*, No. 15-cv-03752-HSG, 2015 WL 7015415, at *2 (N.D. Cal. Nov. 12, 2015);

## IV. ARGUMENT

### A. The Early Stage of This Case, With Depositions, Claim Construction, Expert Discovery, and Trial Preparation Yet To Come, Weighs in Favor of A Stay.

The stage of litigation strongly favors a stay. This factor concerns whether the bulk of the work in the case lies ahead or in the past. Specifically, the Court typically looks to whether discovery is complete, whether a trial date has been set, and whether the Court has expended

resources on the case. *See*, *e.g.*, *Lam Research Corp. v. Flamm*, No. 15-cv-01277-BLF, 2016 WL 4180412, at \*3 (N.D. Cal. Aug. 8, 2016); *AT&T Intellectual Prop I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011).

Here, discovery is far from complete. With the exception of a half-day deposition on venue issues, neither party has taken any depositions. There has been no *Markman* hearing, no expert reports or discovery, and no summary-judgment motions. The parties did exchange initial infringement and invalidity contentions while the case was in Texas. (ECF No. 82.) But Uniloc has not provided either updated infringement contentions that include the information required by P.L.R. 3-1,[3] or damages contentions as required by P.L.R. 3-8. *See Anza Technology v. Xilinx, Inc.*, No. 5:17-cv-06302-LHK (N.D. Cal. Feb. 7, 2018) (Dkt. Nos. 65 at 2-3, 71) (granting a stay in a case where, as here, infringement and invalidity contentions were exchanged in accordance with a transferor court's patent rules prior to transfer). And while the parties have exchanged written discovery and produced documents, the resources spent on that work are a fraction of those that would be required for the still-to-come depositions and expert discovery.

This case is at a particularly ideal stage for a stay because there is no schedule in place, and no trial date set. In fact, the initial case management conference has not occurred, and aside from preliminary ADR deadlines, no discovery or pretrial deadlines are in place. The Court has thus yet to expend significant resources on this case, and a stay will not disrupt any pre-existing case-management plan.

In similar circumstances, courts in this District have routinely found the stage-of-case factor to favor a stay. For instance, in *Advanced Micro Devices Inc. v. LG Electronics, Inc.*, the court granted a stay even where the parties had exchanged written discovery, served infringement and invalidity contentions, and "claim construction work ha[d] occurred and [was] ongoing." No. 14-cv-01012-SI, 2015 WL 545534, at \*2 (N.D. Cal. Feb. 9, 2015). Similarly, in *IXI Mobile (R&D) Ltd. et al v. Samsung Electronics Co. Ltd. et al*, the court granted a stay even though written

---

[3] The parties are currently engaged in discussions regarding Apple's request that Uniloc promptly amend its contentions to comply with the Court's Patent Local Rules, and if Uniloc does not do so, Apple reserves the right to seek appropriate relief, including a stay of discovery until Uniloc provides compliant contentions.

discovery was well underway, several depositions had been taken, and claim construction briefing had begun. No. 15-cv-03752-HSG, 2015 WL 7015415, at *1-2 (N.D. Cal. Nov. 12, 2015). In both cases, the court found that the stage-of-case factor favored a stay.

In fact, Courts in this District have granted stays in cases that had advanced far beyond this one. For instance, in *Facebook*, the court granted a stay pending IPR even after "a claim construction order [had] been issued and the close of fact discovery [was] fast approaching." 2014 WL 116340 at *3. The *Facebook* Court concluded that "a substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—l[ay] ahead." *Id.* Thus, the *Facebook* Court concluded, the stage-of-case factor weighed "slightly in favor of a stay." *Id.* at *4.

This case is at roughly the same stage as *Advanced Micro Devices* and *IXI Mobile*, and is far less advanced than *Facebook*. The stage-of-case factor in those cases weighed in favor of a stay; it should do the same here.

### B. A Stay Will Simplify The Case By Streamlining The Patents, Claims, Or Invalidity Arguments That Must Be Addressed By The Court.

The prospect of simplification also strongly favors a stay. The PTAB has instituted Apple's IPR petition on every claim of the '199 Patent, and all but one of Uniloc's asserted claims overall. (Exs. E and G, IPR Institution Decisions.) If the PTAB cancels all of the claims at issue, there will be no need for the Court to consider any issue relating to the '199 Patent. Even if only some of the asserted claims are cancelled, the IPR process will "simplify the issues and streamline the litigation by reducing claim construction disputes and minimizing the number of claims that the parties need to address." *Tire Hanger Corp. v. My Car Guy Concierge Servs. Inc.*, No. 5:14-cv-00549-ODW, 2015 WL 857888, at *2 (C.D. Cal. Feb. 27, 2015). For instance, cancellation of some or all of the '199 Patent's claims will obviate the need for the Court to consider Apple's pending motion to dismiss those claims as directed to unpatentable subject matter. (ECF No. 120.) And the cancellation of at least some claims is very likely: according to the PTAB's own data, more than 80% of proceedings resulted in invalidation of some claims and 65% resulted in invalidation of all examined claims. (Ex. H, Patent Trial and Appeal Board Statistics, 1/31/18, at p. 11, *available at* https://www.uspto.gov/sites/default/files/documents/trial_statistics_20180131.pdf.)

The prospect of simplification, however, does not depend on Apple's prevailing on all, or even any, claims in the IPR.  If any of the challenged claims are upheld, Apple will be barred from arguing that these claims are "invalid on any ground that [Apple] raised or reasonably could have raised during that *inter partes* review."  35 U.S.C. § 315(e)(2).  Further, the fact that the PTAB had upheld certain claims would "assist in streamlining the presentation of evidence and benefit the trier of fact by providing the expert opinion of the PTO."  *Facebook*, 2014 WL 116340, at *4.

Indeed, the prospects for simplification are particularly great in this case given Uniloc's recent discovery behavior.  In this case alone, in recent weeks, Uniloc has requested six Apple employee depositions, and indicated that it plans to take two additional depositions, plus a Rule 30(b)(6) deposition on a variety of topics.  (Exs. I-K; Jacobs 3/14/18, 3/12/18 Emails to Pieja; Uniloc's Rule 30(b)(6) Notice.)  Uniloc's aggressive approach underscores the potential benefits of a stay in avoiding a high volume of potentially unnecessary discovery.

### C. Uniloc Will Suffer No Undue Prejudice Or Tactical Disadvantage From A Stay.

The lack of any potential for prejudice to Uniloc also favors a stay. Uniloc is a non-practicing entity that licenses its intellectual property.  By its own admission, it makes no products that practice the patented technologies.  (Ex. L, Uniloc 12/11/17 Resp. to Interrogatory No. 10.)  In fact, Uniloc makes no products at all.  Accordingly, Uniloc does not compete directly with Apple and would not suffer any competitive harm from a stay. *Cypress Semiconductor Corp. v. LG Elecs., Inc.*, No. 13-cv-04034-SBA, 2014 WL 5477795, at *2-3 (N.D. Cal. Oct. 29, 2014); *IXI Mobile*, 2015 WL 7015415, at *4.

Nor can Uniloc argue that it would be prejudiced merely because it may be delayed in enforcing its patent rights against Apple.  "Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay."  *PersonalWeb Technologies, LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014). This is because, unless "the parties are direct competitors and . . . the plaintiff's competitive position would be prejudiced by a stay," a plaintiff "can be fully restored to the *status quo ante* with monetary relief."  *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1038 (N.D. Cal. 2015); *see DSS Tech. Mgmt., Inc. v. Apple Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *4 (N.D. Cal.

May 1, 2015); *IXI Mobile*, 2015 WL 7015415 at *4. Uniloc faces no harm to its competitive position and thus can claim no prejudice from a stay. Nor can Uniloc complain that a stay would prejudice its ability to resolve its dispute with Apple. Apple has agreed to a mediation before the Honorable Edward Infante (ret.), which is presently set for April 11. Apple intends that mediation to cover all of Uniloc's outstanding cases, and intends to proceed with that mediation even if this case is stayed.

Finally, even if delay did somehow prejudice Uniloc, the expedited and time-bounded nature of the IPR process would minimize that prejudice. Subject to very narrow exceptions, the PTAB is required by statute to complete proceedings "not later than 1 year after" the IPR is instituted. 35 U.S.C. 316(a)(11); *see, e.g.*, *Advanced Micro Devices*, 2015 WL 545534, at *4 (finding no prejudice due to "expedited IPR resolution"). Thus, the PTAB will issue its decision here by March 8, 2019. There is no risk of an indefinite or unbounded stay, and the lack of any potential prejudice to Uniloc weighs heavily in favor of granting Apple's motion.

### D. The Court Should Stay This Case In Its Entirety To Avoid Inefficient And Burdensome Successive Depositions, Discovery And, Potentially, Trials.

The Court should grant Apple's motion for a full stay to avoid the potential for burdensome and duplicative discovery, hearings and, potentially, trials, even though the single asserted claim of the '852 Patent is not presently subject to an IPR. In multi-patent cases, courts routinely stay the entire case where only some of the patents are subject to IPRs. *E.g.*, *Core Wireless S.A.R.L. v. Apple Inc.*, Case No. 15-cv-05007-RWS, Dkt. No. 205 (full stay in view of IPRs on 4 of 5 patents); *American GNC Corp. v. LG Elecs. Inc.*, No. 17-cv-01090-BAS-BLM, 2018 WL 1250876, at *4 (S. D. Cal. Mar. 12, 2018) (full stay in view of IPRs on 2 of 7 patents); *Telebrands Corp. v. Seasonal Specialities, LLC*, 2018 WL 1027452 at *4-5 (D. Minn. Feb. 23, 2018) (full stay in view of IPRs on 2 of 5 patents). In fact, in the first-filed case between Uniloc and Apple, Judge Gilstrap of the Eastern District of Texas granted a stay where only three of the four patents[4] were subject to

---

[4] After Judge Gilstrap's order staying the initial *Uniloc* case, the PTAB instituted multiple IPRs on the fourth patent-at-issue, U.S. Patent No. 8,724,622. (IPR2017-01667, -01668, -01797, -01798.)

instituted IPR. *Uniloc USA, Inc. et al v. Samsung Elecs. America, Inc. et al*, Case No. 2:16-cv-642-JRG, Dkt. No. 268 at 2-3.

Here, a full stay would avoid the need for duplicative depositions. The '199 and '852 Patents share a common inventor: Uniloc CEO Craig Etchegoyen. (Exs. F, M, '199 Patent; '852 Patent.) They also share a common prosecuting attorney: Uniloc's General Counsel, Sean Burdick. (*Id.*) Both of these individuals are subject to deposition regarding each of the '199 and '852 Patents. Absent a full stay, they may have to be deposed twice: once for the '852 Patent and, if the '199 Patent survives, a second deposition on that patent. The same is true for Apple's witnesses. Uniloc has accused the same Apple products, including iPhones, of infringing both the '199 and '852 Patents. (ECF No. 91, Amended Complaint at ¶¶ 8, 24.) And Apple has identified at least three witnesses who have knowledge about issues relating to both the '852 and '199 Patents: Michael Jaynes (sales and financial data), Heather Mewes (licensing), and Deidre Caldbeck (marketing). (Ex. N, Apple's Initial Disclosures.) A full stay would avoid the potential for successive depositions of all of these witnesses.

A full stay would also avoid the possibility of duplicative hearings, trials, and other Court actions. As the court in *American GNC* observed:

> Without a full stay, the proceedings risk devolving into what would be effectively two different cases in the guise of one—different claim construction hearings, different discovery timelines, and, under the worst case scenario, different trials. These pose substantial inefficiencies and burdens on the Court and the parties. *American GNC*, 2018 WL 1250876 at *4.

The same potential "inefficiencies and burdens" that the court identified in *American GNC* are also present here. *Id.* For instance, Apple has a pending motion to dismiss on the ground that both the '199 and '852 Patents claim ineligible subject matter under 35 U.S.C. § 101. A hearing is set for May 31. (ECF No. 123.) Absent a full stay, the Court may have to hear and consider this motion twice—this May for the '852 Patent, and some time later if the '199 Patent survives. The same is true of the *Markman* hearing, dispositive-motions hearing, and trial. Absent a full stay, the Court may have to conduct these proceedings twice: once for the '852 Patent and, a year or so later, again for the '199 Patent. A full stay would avoid this burden on the Court's calendar and resources. Indeed, the posture of Uniloc's overall litigation campaign also counsels for a full stay. Uniloc has

filed a total of 19 cases against Apple, pending before five different judges and involving around 30 patents. This sprawling campaign is complicated enough as it is; risking additional duplicative procedures is particularly unwarranted.

A full stay is also appropriate because Apple still has a petition for *inter partes* review of the single asserted claim of the '852 Patent pending before the PTAB. (IPR2017-02202.) The PTAB is expected to decide whether to institute this IPR no later than May 6, 2018. Entering a full stay now will provide the parties and the Court the opportunity to consider the impact of the PTAB's upcoming decision regarding the '852 Patent before investing resources into this case.

## V.     CONCLUSION

Because all of the relevant factors support a stay of this action pending resolution of Apple's IPR petitions, Apple respectfully requests that the Court grant its motion to stay the present action pending final resolution of the instituted IPR for the '199 Patent, and any appeals therefrom.

DATED: March 16, 2018                    Respectfully submitted,


   */s/ Michael T. Pieja*
Michael T. Pieja (CA Bar No. 250351)
Alan E. Littmann (*pro hac vice* to be filed)
Jennifer Greenblatt (*pro hac vice* to be filed)
Doug Winnard (CA Bar No. 275420)
Andrew J. Rima (*pro hac vice* to be filed)
Emma C. Neff, M.D., J.D. (*pro hac vice* to be filed)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
564 W. Randolph St., Suite 400
Chicago, IL 60661
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
jgreenblatt@goldmanismail.com
dwinnard@goldmanismail.com
arima@goldmanismail.com
eneff@goldmanismail.com

*Attorneys for Defendant Apple Inc.*

## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of **DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STAY PENDING *INTER PARTES* REVIEW** has been served on March 16, 2018, to all counsel of record who are deemed to have consented to electronic service.

*/s/ Michael T. Pieja*
Michael T. Pieja (CA Bar No. 250351)