UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 18-CV-00357-LHK<br><br>**ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW**<br><br>Re: Dkt. Nos. 124, 125 |

Over the law two years, Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively, "Uniloc") have filed 19 separate patent infringement actions against Defendant Apple, Inc. ("Apple"). *See* ECF No. 124 at 3. Uniloc filed the instant patent infringement action against Apple on April 3, 2017 in the United States District Court for the Eastern District of Texas. ECF No. 1. Uniloc's original complaint alleged infringement of three patents: U.S. Patent Nos. 8,239,852 ("the '852 Patent"), 8,838,976 ("the '976 Patent"), and 9,414,199 ("the '199 Patent"). However, on August 29, 2017, Uniloc moved to "withdraw any and all asserted claims in this case pertaining to" the '976 Patent without prejudice. ECF No. 66. On August 30, 2017, Judge Rodney Gilstrap of the United States District Court for the Eastern District of Texas granted Uniloc's motion. ECF No. 70.

Apple filed three *inter partes* review ("IPR") petitions as to the two remaining patents in the instant action—specifically, two IPR petitions regarding the '852 Patent, and one IPR petition regarding the '199 Patent—in August and September of 2017. *See* Exhs. B, C, D to ECF No. 124. Then, on December 22, 2017, Judge Gilstrap granted Apple's motion to transfer the instant action to this district. ECF No. 104. Subsequently, on January 29, 2018, the instant action was reassigned to the undersigned judge. ECF No. 118.

On March 8, 2018, the Patent Office granted Apple's IPR petition and instituted an IPR covering all the claims of the '199 Patent, but denied one of Apple's IPR petitions regarding the '852 Patent. Exhs. E & G to ECF No. 124. Apple's other IPR petition regarding the '852 Patent is still pending, and a decision on that petition "is expected no later than May 6, 2018." ECF No. 124 at 4; *accord* ECF No. 127 at 4. The '199 Patent is comprised of five claims, all of which are asserted in the instant case, and all of which are challenged and at issue in the instituted IPR. Uniloc asserts only one claim of the '852 Patent in the instant litigation against Apple.

On March 16, 2018, Apple filed a motion to stay this case pending resolution of the IPR. ECF No. 124 ("Mot."). Relatedly, on the same day, Apple filed an administrative motion to shorten the time for hearing its motion to stay. ECF No. 125. On March 20, 2018, Uniloc opposed Apple's administrative motion to shorten time. ECF No. 126. Then, on March 30, 2018, Uniloc filed an opposition to Apple's motion to stay pending IPR. ECF No. 127 ("Opp."). On April 6, 2018, Apple filed a reply to Uniloc's opposition to Apple's stay motion. ECF No. 128 ("Reply."). The Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the hearing currently set for May 31, 2018.

"Courts in this District examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citations and quotations omitted). "Courts have inherent

power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Microsoft Corp. v. TiVo Inc.*, No. 10-CV-00240-LHK, 2011 WL 1748428, at *3 (N.D. Cal. May 6, 2011) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)).

With respect to the first factor, the Court finds that the stage of the case favors a stay. As discussed above, this action was recently transferred to this district from the United States District Court for the Eastern District of Texas. No claim construction hearing was held, and no claim construction ruling was issued, by that court. Further, the only deposition that was taken before transfer was a half-day deposition of Uniloc's general counsel regarding venue- and transfer-related issues. Mot. at 3 n.2, 5. Since this action was transferred, this Court has yet to hold an initial case management conference or set a case schedule. As a result, the Court has not set any dates relating to claim construction, dispositive motions, or trial. Further, Apple's motion to dismiss Uniloc's amended complaint pursuant to 35 U.S.C. § 101, which was first filed a month before Judge Gilstrap granted Apple's motion to transfer, remains pending, and the May 31, 2018 hearing on this motion to dismiss has not yet taken place. Thus, although the parties have incurred some costs, significant litigation costs still remain that might be avoided by a stay. *See PersonalWeb*, 69 F. Supp. 3d at 1026–27 (finding that the stage of the case weighed in favor of a stay despite the parties' service of over 100 document request, 50 interrogatories, production of over 500,000 pages, and deposition of over 12 individuals, because the remaining work—which included expert reports and discovery, dispositive motions, and trial—would be "costly"); *Microsoft*, 2011 WL 1748428 at *6 (finding that the stage of the litigation weighed in favor of a stay where the parties had exchanged initial disclosures, interrogatory responses, and document discovery, but no depositions had been taken and no expert reports had been exchanged). In addition, a stay would conserve the Court's resources by ensuring that the Court does not conduct a jury trial on, or issue any claim construction or dispositive motion rulings regarding, claims that the Patent Office later invalidates. Furthermore, "since it is possible that this Court and the PTO could reach inconsistent conclusions regarding the same patent, there is a significant concern of

3

wasting resources by unnecessarily proceeding" forward. *Ricoh Co. v. Aeroflex Inc.*, Nos. C03-04669 MJJ, C03-02289 MJJ, 2006 WL 3708069, at *5 (N.D. Cal. Dec. 14, 2006). "If this Court were to deny the stay and proceed to trial, it is possible that the time, resources, and significant efforts of all those involved in such a trial, including a jury, would be wasted." *Id.*

In opposing Apple's stay motion, Uniloc asserts that Apple has "delayed the progress of this case," specifically with regards to scheduling depositions. Opp. at 6–9. However, even if all the allegedly delayed depositions had already occurred, the stage-of-case factor would still weigh in favor of a stay. *See PersonalWeb*, 69 F. Supp. 3d at 1026-27 (finding that the stage of the case weighed in favor of a stay despite the parties' service of over 100 document request, 50 interrogatories, production of over 500,000 pages, and deposition of over 12 individuals, because the remaining work—which included expert reports and discovery, dispositive motions, and trial—would be "costly").

Second, with respect to whether a stay would simplify the issues in the case, the Court finds that this factor also favors a stay. If the Patent Office invalidates any of the claims at issue, that would narrow the scope of the litigation in this case. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1032 (C.D. Cal. 2013) ("[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." (quoting *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775 RPA (EAI), 1995 WL 20470, at *2 (N.D.Cal. Jan. 13, 1995))). In addition, the course of the IPR proceeding regarding the '199 Patent, including the arguments that Uniloc makes, may inform the course of the remaining proceedings in this Court. *See Asylus Networks, Inc. v. Apple, Inc.*, 856 F.3d 1353, 1359–61 (Fed. Cir. 2017).

Uniloc points out that, at least for now, only one of the two patents at issue (the '199 Patent) "is subject to an instituted IPR," Opp. at 10, and argues that "[w]ithout the '852 patent in an instituted IPR, this case would not be significantly simplified." *Id.* at 11. Even assuming that (1) the Patent Office ultimately declines to institute IPR with regards to the '852 Patent; and (2)

the IPR proceeding on the '199 Patent will have no effect on the '852 Patent, the Court finds that the potential simplification of issues related to the '199 Patent outweighs the delay that will result in the adjudication of the single claim of the '852 Patent that is at issue in the instant case.  Indeed, it would make little sense to proceed only on the one asserted claim in the '852 Patent, thereby risking a second trial on the five claims in the '199 Patent if they survive IPR, nor would it make sense to proceed on six claims (across two patents) when five of them may later be invalidated.

Third, the Court finds that granting a stay would not unduly prejudice Uniloc.  "The delay inherent to the reexamination process does not generally constitute, by itself, undue prejudice." *Akeena Solar Inc. v. Zep Solar Inc.*, No. 09-cv-5040-JSW, 2010 WL 1526388 (citing *Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 WL 21105073, at *2 (D. Del. May 14, 2003)).  Further, Apple asserts, and Uniloc does not dispute, that Uniloc is a "non-practicing entity that licenses its intellectual property" and therefore "does not compete directly with Apple."  Mot. at 124; *see* Exh. L. to Mot.  This absence of direct competition between Uniloc and Apple is significant because in patent infringement actions, "courts generally find that a plaintiff 'does not risk irreparable harm by the defendant's continued use of the accused technology and can be fully restored to the *status quo ante* with monetary relief" if there is no indication that the parties "*are direct competitors* and that the plaintiff's competitive position would be prejudiced by a stay." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032 (N.D. Cal. 2015) (quoting *DSS Tech. Mgmt., Inc. v. Apple, Inc.* 2015 WL 1967878, at * 4 (N.D. Cal. May 1, 2015) (emphasis added and alteration adopted)).  Uniloc argues that it would be prejudiced by a stay because Apple engaged in "dilatory tactics" by (1) filing a motion to stay pending IPR of the '199 Patent; and (2) delaying the scheduling of depositions.  Opp. at 12–13.  Uniloc's argument is not well-taken.  As an initial matter, the Court does not find that Apple's filing of a motion to stay based on the Patent Office's institution of IPR on the '199 Patent was improper.  On the contrary, Apple's stay motion informed the Court of a development that, as discussed above, was at least relevant to the question of whether considerations of efficiency would be better served by staying the instant action pending the resolution of the IPR proceeding regarding the '199 Patent.  Further, even if Apple did improperly

delay in scheduling depositions—something that Apple disputes, *see* Reply at 3–4—Uniloc does not explain how that delay is connected to any undue prejudice that Uniloc might suffer *from a stay*. As the Court explained above, even if all the allegedly delayed depositions had already occurred, the stage-of-case factor would *still* weigh in favor of a stay.

For the foregoing reasons, the Court GRANTS Apple's motion for a stay of this case and DENIES as moot Apple's administrative motion to shorten time to hear Apple's stay motion. This action is STAYED in its entirety pending final exhaustion of the pending IPR proceedings for the '199 Patent and, if instituted, the '852 Patent, including any appeals.

The Clerk shall ADMINISTRATIVELY CLOSE the file. This is a purely administrative procedure that does not affect the rights of the parties.

The parties shall submit joint status reports apprising the Court of the status of the IPR proceedings every six months.

The parties shall provide notice to the Court within one week of final exhaustion of all pending IPR proceedings, including appeals. In their notice, the parties shall request that this matter be reopened, and that a case management conference be scheduled.

**IT IS SO ORDERED.**

Dated: April 30, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge