James J. Foster
Aaron S. Jacobs (CA No. 214953)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000
jfoster@princelobel.com
ajacobs@princelobel.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., and UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No.: 5:18-cv-00357-LHK <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SEVER AND LIFT STAY** <br><br> DATE: March 14, 2019 <br> TIME: 1:30 p.m. <br> COURTROOM: 8, 4th Floor <br> JUDGE: Hon. Lucy H. Koh |

**NOTICE OF MOTION AND STATEMENT OF RELIEF REQUESTED**

Please take notice that on March 14, 2019, at 1:30 p.m., or as soon thereafter as may be heard, in the courtroom of the Honorable Lucy H. Koh, located in the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 8, 4th Floor, 280 South First Street, San Jose, California, 95113, Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively "Uniloc") will move for an order severing all matters pertaining to U.S. Patent No. 8,239,852 ("the '852 patent") and lifting the stay with respect to that patent.

# TABLE OF CONTENTS

I.  BACKGROUND ............................................................................................................1

    A.    This case progressed through claim construction and nearly all of discovery in the Eastern District of Texas. ...........................................................................1

    B.    Once transferred, the case was stayed due to an instituted IPR as to one of the patents-in-suit; IPR was then denied as to the other patent-in-suit. ..................2

II.  LEGAL STANDARD ...................................................................................................2

III.  ARGUMENT ................................................................................................................3

    A.    Uniloc's claims against Apple as to the '852 patent are not related to the '199 patent. ............................................................................................................3

    B.    The '852 and '199 patents present different questions. ...........................................4

    C.    Settlement and judicial economy will not be facilitated by continuing the stay as to the '852 patent. ...........................................................................................4

    D.    Prejudice will be avoided if the '852 patent is severed from this case. ...................5

    E.    Different witnesses and documentary proof are required for the '852 and '199 patents. ..............................................................................................................5

IV.  CONCLUSION .............................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Affinity Labs. of Texas v. Apple Inc.*,
  No. 09-cv-04436, 2010 WL 1753206 (N.D. Cal. Apr. 29, 2010)..................................................5

*GoPro, Inc. v. C&A Marketing, Inc.*,
  No. 16-cv-03590-JST, 2017 WL 2591268 (N.D. Cal. June 16, 2017) .........................................5

*In re EMC Corp.*,
  677 F.3d 1351 (Fed. Cir. 2012) ...................................................................................................3

*Khanna v. State Bar of Cal.*,
  Case No. 07-cv-2587-EMC, 2007 WL 2288116 (N.D. Cal. Aug. 7, 2007) .................................2

*Morris v. Northrop Grumman Corp.*,
  37 F. Supp. 2d 556 (E.D.N.Y. 1999) ...........................................................................................3

*S.E.C. v. Leslie*,
  No. 5:07-CV-03444-JF, 2010 WL 2991038 (N.D. Cal. July 29, 2010) .......................................3

*S.E.C. v. Leslie*,
  No. 5:07-CV-03444-JF, 2010 WL 3259375 (N.D. Cal. Aug. 18, 2010) ......................................3

**Rules**

7 Charles Alan Wright & Arthur R. Miller,
  Federal Practice and Procedure § 1689 (3d ed. 2015) ................................................................3

**Treatises**

Fed. R. Civ. P. 21.............................................................................................................................2

Pursuant to Federal Rule of Civil Procedure 21, Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively, "Uniloc"), respectfully move for an order severing its claims pertaining to U.S. Patent No. 8,239,852 ("the '852 patent") and lifting the stay with respect thereto.

## I.     BACKGROUND

Uniloc sued Apple for infringement of the '852 patent and U.S. Patent No. 9,414,199 ("the '199 patent") on April 3 2017, in the Eastern District of Texas.  Dkt. No. 1.

### A.     This case progressed through claim construction and nearly all of discovery in the Eastern District of Texas.

On August 10, 2017, Judge Gilstrap of the Eastern District of Texas entered the parties' agreed-upon Docket Control Order.  Dkt. No. 56.  That schedule set discovery to close on March 27, 2018.  The parties exchanged infringement and invalidity contentions.  The parties exchanged proposed claim terms and initial constructions.  The parties filed all of their claim construction briefs.  The deadline to substantially complete document production came and went, by which point Apple produced in excess of 500,000 pages of documents and source code.  Uniloc vigorously sought discovery.  *See, e.g.*, Dkt. No. 127 at 6-9 (discussing same).  Claim construction briefing was completed by the beginning of January, 2018, nearly one year ago.

In the midst of all of this, Apple filed several petitions for *inter partes* review ("IPR") of the two patents-in-suit.  More particularly, Apple petitioned for IPR of the '199 patent on August 22, 2017.  *See* IPR2017-01993.  Nine days later, on August 31, 2017, Apple petitioned for IPR of the '852 patent.  *See* IPR2017-02041.  One day after that, Apple filed a motion to stay the litigation pending the outcome of these IPRs.  Dkt. No. 71.  Judge Gilstrap denied Apple's motion on September 11, 2017:

> Based on these circumstances, the Court concludes that Apple's motion is premature, and a stay of these proceedings in advance of the PTAB's decision on whether or not to grant the petitions for inter partes review should be denied. Accordingly, Apple's Motion to Stay (Dkt. No. 71) is DENIED WITHOUT PREJUDICE.  Apple may refile a more current version hereof within 14 days *following the PTAB's institution decisions.*

Dkt. No. 73 at 2 (italicized emphasis added).  Apple filed yet another IPR as to the '852 patent about two weeks later, on September 29, 2017.  *See* IPR2017-02202.

| PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SEVER AND LIFT STAY | 1 | 5:18-CV-00357-LHK |

In parallel with the above, on June 16, 2017, Apple filed a motion to transfer the case to this District. Dkt. No. 25. The parties exchanged briefs, *see* Dkt. Nos. 30, 40, 42, 60, 64; conducted jurisdictional discovery, Dkt. No. 44; and held oral arguments on October 27, 2018, Dkt. No. 88. Judge Gilstrap granted Apple's motion to transfer on December 22, 2017, Dkt. No. 104, with the transfer actually effected on January 17, 2018, Dkt. No. 109. This case was assigned to this Court on January 30, 2018.

### B. Once transferred, the case was stayed due to an instituted IPR as to one of the patents-in-suit; IPR was then denied as to the other patent-in-suit.

Approximately five weeks later, the Patent Trial and Appeal Board ("PTAB") acted on two of Apple's IPRs. In particular, on March 8, 2018, the PTAB granted Apple's petition as to the '199 patent and instituted an IPR. But, the PTAB also *denied* Apple's first petition as to the '852 patent and refused to institute the IPR. *See* Ex. 1.[1] The PTAB's decision as to the second petition for review of the '852 patent, however, was not due until May 6, 2018.

On March 16, 2018, Apple moved (again) to stay pending IPR. Dkt. No. 124. Uniloc opposed on March 30, 2018, Dkt. No. 127, and Apple filed its reply on April 6, 2018, Dkt. No. 128. On April 30, 2018, 2018, this Court stayed the litigation. Dkt. No. 144. The next day, on May 1, 2018, the PTAB rejected Apple's second IPR for review of the '852 patent. Ex. 2.

Apple filed a request for rehearing for its latter IPR as to the '852 patent on May 30, 2018. On December 13, 2018, that request was denied. Ex. 3. So, the '852 patent *is not* and *cannot be* subject to an IPR petition from Apple. And, no other party has sought to file such a petition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Severed claims and parties become independent actions that have separate judgments. *See, e.g.*, *Khanna v. State Bar of Cal.*, Case No. 07-cv-2587-EMC, 2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007). The Court has broad discretion to sever issues and may do so *sua sponte*. *Id.*; *see*

---

[1] Exhibits cited herein are attached to the accompanying Declaration of Aaron S. Jacobs.

*also* 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1689 (3d ed. 2015).

Federal Circuit law governs motions to sever in patent cases. *In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012). "As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." *S.E.C. v. Leslie*, No. 5:07-CV-03444-JF, 2010 WL 2991038, at *3 (N.D. Cal. July 29, 2010) (quoting *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).[2] In determining whether severance is appropriate in a given situation, courts consider a number of factors, including the following:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Id.* at *4 (quoting *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999)).

### III.   ARGUMENT

**A.   Uniloc's claims against Apple as to the '852 patent are not related to the '199 patent.**

The '852 and '199 patents are unrelated to one another in any patent sense, and Uniloc's claims against Apple with respect to those patents are distinct. Although the patents do share the same inventor, patent prosecutor, and assignee, they are substantively different and are asserted against entirely different aspects of the accused products.

The '852 patent was based on a provisional patent application filed on June 25, 2009. The patent issued on August 7, 2012. It is entitled "Remote Update of Computers Based on Physical Device Recognition" and, as its title suggests, the '852 patent teaches a system for remotely updating a client device's software, based upon the use of unique identifiers. In this case, Uniloc accuses Apple's mobile phones, tablets, and computers of infringing at least claim 18 by their configuration to remotely update their operating systems and other software.

---

[2] Judge Fogel clarified his ruling in *SEC v. Leslie*, but as to two other aspects which did not relate to the question of severance. *See S.E.C. v. Leslie*, No. 5:07-CV-03444-JF, 2010 WL 3259375 (N.D. Cal. Aug. 18, 2010).

Conversely, the '199 patent was based on a provisional application filed on March 7, 2013. That patent issued on August 9, 2016. It is entitled "Predictive Delivery of Information Based on Device History," and it teaches a method for predicting where the user is likely to be heading within a given period of time, and then delivering information with respect to that prediction. In this case, Uniloc accuses Apple's mobile devices of infringing at least claim 1 through 5, based upon the manner in which those devices (1) collect information with respect to their users' history; (2) predict where the users will be going in the immediate future; (4) estimate how long it will take for the user to arrive at those locations; and then (5) provide location-based information the users.

B.  **The '852 and '199 patents present different questions.**

Although there is some overlap between the accused products as to the two patents, this is solely because the infringing instrumentalities happen to be housed within the same external shells. This is akin to accusing Toyota cars of infringing (to pick some numbers) the '123 patent relating to dashboards and separately the '789 patent relating to door handles. Yes, they both happen to be contained in the same larger product—*e.g.*, a 2018 Camry—but that does not mean that it would necessarily be any more efficient to combine a case relating to the '123 patent with a case relating to the '789 patent. Other than some small amount of sales and marketing discovery, the vast majority of discovery would relate to disparate aspects within the cars.

Finally, Apple's invalidity arguments as to the two patents do not overlap, and so severing the '852 patent into its own case will not save any efforts for the parties. Indeed, even if the '199 patent is ultimately invalidated, the '852 patent is not in IPR and will eventually be litigated.

C.  **Settlement and judicial economy will not be facilitated by continuing the stay as to the '852 patent.**

As discussed above, the '852 and '199 patents relate to different technologies, and so questions concerning discovery, claim construction, infringement, and invalidity will differ across the board. Thus, this Court will not save any time by keeping these cases together. Rather, as this Court explained in *Uniloc USA, Inc. v. LG Elecs., Inc.*, No. C-18-cv-06738-LHK (N.D. Cal. Dec. 12, 2018):

> I don't have any intention of relating all of Uniloc's litigation against LG involving different patents.

> \* \* \*
>
> If it's different patents, it might be more convenient for the parties to go to the same judge, but we don't, from our perspective – we've got so many patent cases, we don't think – you know, there's not efficiencies in terms of the need to avoid inconsistent rulings on the same patent when it's different intellectual property.

Ex. 4 at 10:16-18; 13:2-7.

### D. Prejudice will be avoided if the '852 patent is severed from this case.

Many (but not all) cases assert that delay alone is usually not a basis upon which to claim undue prejudice. *See, e.g.*, *GoPro, Inc. v. C&A Marketing, Inc.*, No. 16-cv-03590-JST, 2017 WL 2591268, at \*4 (N.D. Cal. June 16, 2017); *but see, e.g.*, *Affinity Labs. of Texas v. Apple Inc.*, No. 09-cv-04436, 2010 WL 1753206, at \*2 (N.D. Cal. Apr. 29, 2010) ("Affinity asserts that its business will be harmed by the stay because it will not be able to enforce and license its patents until the litigation is resolved. . . . After balancing this uncertainty with the current stage of the proceeding, the potential delay would likely prejudice Affinity."). That said, the question of prejudice in the instant Motion relates to whether there would be prejudice from severing the '852 patent from the '199 patent.

The only prejudice to Apple from severing the '852 patent into a separate case is that, presumably, the Court would then lift the stay as to that case. In short, Apple would have to litigate a patent that it will—in all events—have to litigate. But, such delay would not help the Court, as nothing of use as to the '852 patent will arise from the IPR of the '199 patent.

### E. Different witnesses and documentary proof are required for the '852 and '199 patents.

Again, as discussed above, the two patents cover disparate areas of technology. Other than, perhaps, some overlapping sales and marketing topics, Apple's witnesses for the '852 and '199 patents will be different. As to the '852 patent, Uniloc will seek technical depositions of Apple employees responsible for the remote update features in the operating systems and other software of the accused products. As to the '199 patent, Uniloc will seek technical depositions of Apple employees responsible for location tracking, predictive analytics, and advertising.

Apple's discovery from Uniloc will overlap. But, its invalidity contentions are entirely distinct. So too, any third-party discovery Apple might seek will not overlap, as there are no common authors or inventors of prior art.

## IV. CONCLUSION

For the foregoing reasons, Uniloc respectfully asks this Court to sever Uniloc's claims as to the '852 patent from this case and, in the newly created case lift the stay with respect to the '852 patent.

Date: January 3, 2018

/s/ Aaron S. Jacobs
James J. Foster
Aaron S. Jacobs (CA No. 214953)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
617-456-8000
jfoster@princelobel.com
ajacobs@princelobel.com

**Attorneys for Plaintiffs**
**Uniloc USA, Inc. and Uniloc Luxembourg, S.A.**

## CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Civil L.R. 5-1.

/s/ Aaron S. Jacobs
Aaron S. Jacobs

1  James J. Foster
   Aaron S. Jacobs (CA No. 214953)
2  PRINCE LOBEL TYE LLP
   One International Place, Suite 3700
3  Boston, MA 02110
   617-456-8000
4  jfoster@princelobel.com
   ajacobs@princelobel.com
5
   Attorneys for Plaintiffs
6

7                           UNITED STATES DISTRICT COURT
8                          NORTHERN DISTRICT OF CALIFORNIA
9                                  SAN JOSE DIVISION
10

11 | UNILOC USA, INC., and           ) Case No.: 5:18-cv-00357-LHK
   | UNILOC LUXEMBOURG, S.A.,        )
12 |                                 ) **DECLARATION OF AARON S. JACOBS IN**
   |          Plaintiffs,            ) **SUPPORT OF PLAINTIFFS' MOTION AND**
   |                                 ) **MOTION TO SEVER AND LIFT STAY**
13 | v.                              )
   |                                 )
14 | APPLE INC.,                     )
   |                                 )
15 |          Defendant.             )

JACOBS DECLARATION                                                 5:18-CV-00357-LHK

I, Aaron S. Jacobs, hereby declare as follows:

1. I am an attorney at the law firm of Prince, Lobel Tye, LLP, counsel for Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively "Uniloc").

2. I make this declaration based upon my personal knowledge, information and belief.

3. Attached hereto as Ex. 1 is a true and correct copy of the Patent Trial and Appeal Board's Decision Denying Institution of *Inter Partes* Review of U.S. Patent No. 8,239,852, IPR2017-02041, Dkt. No. 10.

4. Attached hereto as Ex. 2 is a true and correct copy of the Patent Trial and Appeal Board's Decision Denying Institution of *Inter Partes* Review of U.S. Patent No. 8,239,852, IPR2017-02202, Dkt. No. 8.

5. Attached hereto as Ex. 3 is a true and correct copy of the Patent Trial and Appeal Board's Decision Denying Petitioner's Request for Rehearing, IPR2017-02202 Dkt. No. 10.

6. Attached hereto as Ex. 4 is a true and correct copy of excerpts of the Transcript of Proceedings Before the Honorable Lucy H. Koh in *Uniloc USA, Inc. v. LG Electronics, Inc.*, No. C-18-cv-06738-LHK (N.D. Cal. Dec. 12, 2018).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 3, 2019        */s/ Aaron S. Jacobs*
                                    Aaron S. Jacobs

==EXHIBITS – DO NOT INCLUDE IN THE MOTION PAPERS==

Ex. 1   the Patent Trial and Appeal Board's Decision Denying Institution of *Inter Partes* Review of U.S. Patent No. 8,239,852, IPR2017-02041, Dkt. No. 10.

Ex. 2   the Patent Trial and Appeal Board's Decision Denying Institution of *Inter Partes* Review of U.S. Patent No. 8,239,852, IPR2017-02202, Dkt. No. 8.

Ex. 3   the Patent Trial and Appeal Board's Decision Denying Petitioner's Request for Rehearing, IPR2017-02202 Dkt. No. 10.

Ex. 4   excerpts of the Transcript of Proceedings Before the Honorable Lucy H. Koh in *Uniloc USA, Inc. v. LG Electronics, Inc.*, No. C-18-cv-06738-LHK (N.D. Cal. Dec. 12, 2018).