James J. Foster
Aaron S. Jacobs (CA No. 214953)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000
jfoster@princelobel.com
ajacobs@princelobel.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., and UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No.: 5:18-cv-00357-LHK <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO SEVER AND LIFT STAY** <br><br> DATE: March 14, 2019 <br> TIME: 1:30 p.m. <br> COURTROOM: 8, 4th Floor <br> JUDGE: Hon. Lucy H. Koh |

**TABLE OF CONTENTS**

I. DISCUSSION ...................................................................................................................1
    A. The situation has changed since April 2018. ............................................................1
    B. Uniloc's motion is not one for reconsideration.........................................................1
    C. The Court will expend little—if any—additional time and effort if it severs the '852 patent from this case. ....................................................................................2
    D. Apple's suggestion that Uniloc lacks standing to sue is a red herring......................2
II. CONCLUSION ................................................................................................................3

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively, "Uniloc"), respectfully submit this Reply in support of their motion for an order severing their claims pertaining to the '852 patent and lifting the stay with respect thereto. *See* Dkt. No. 152.

## I. DISCUSSION

### A. The situation has changed since April 2018.

With all due respect to Apple's counsel, Apple misstates the situation in the very first paragraph of its Opposition. To wit, Apple alleges that "[n]one of the relevant facts has changed since" April 2018, when this Court stayed the case. Dkt. No. 153 (Apple's Opp.) at 1. That is not true:

| Date | Event |
| --- | --- |
| March 16, 2018 | Apple files its motion to stay in light of the instituted IPR with respect to the '199 patent and Apple's pending petition for IPR of the '852 patents. |
| April 6, 2018 | Apple's deadline to file new petitions for IPR of the '199 and '852 patents passes. |
| April 30, 2018 | This Court stays the case in light of the instituted IPR as to the '199 patent and Apple's pending petition for IPR of the '852 patent. |
| May 1, 2018 | The PTAB rejects Apple's last petition for IPR of the '852 patent. |
| May 30, 2018 | Apple petitions for rehearing on its petition for IPR of the '852 patent. |
| December 13, 2018 | The PTAB rejects Apple's petition for rehearing. |

As the above table shows, since it filed the motion to stay, Apple's ability to petition for IPRs as to the '852 patent expired. *See* 35 USC §315(b). And, since the Court's Order of April 30, 2018; (1) the PTAB rejected Apple's only remaining IPR as to the '852 patent; (2) Apple moved for rehearing with respect to that petition; and (3) the PTAB rejected Apple's motion for a rehearing. The '852 patent is free and clear to be asserted against Apple. And, in all events, it *will* be litigated against Apple, once the stay is lifted. The only question is when.

### B. Uniloc's motion is not one for reconsideration.

Apple alleges that Uniloc's motion is one for reconsideration. Dkt. No. 153 (Apple's Opp.) at 1; *see also id.* at 3-5. This is not true. Rather, it is to sever the '852 patent from the stayed case,

pursuant to Federal Rule of Civil Procedure 21. Apple's motion to stay the case—and Uniloc's opposition thereto—did not address the question of severing the '852 patent. If the '852 patent is severed from the case, and a new one is initiated with Uniloc's claims related thereto, then that case—which will involve a patent that cannot be challenged by Apple before the PTAB—will be on a different procedural footing than the original case. As such, the lifting of the stay would be a result of the changed situation, rather than one of reconsideration.

### C. The Court will expend little—if any—additional time and effort if it severs the '852 patent from this case.

Apple argues that "[s]everance needlessly risks the Court holding separate, duplicative, *Markman* hearings and trials." Dkt. No. 153 (Apple's Opp.) at 1; *see also id.* at 5-6. This is not true. As discussed in Uniloc's opening memorandum, the patents are unrelated to one another in the patent sense, and their respective technologies have nothing to do with one another. Indeed, the '852 patent issued before the application that resulted in the '199 patent was even filed. As such, there are no overlapping claim terms to be construed. The *Markman* hearing for the '852 patent will have no impact upon the '199 patent, and vice versa. So too, motions for summary judgment as to one patent will have no impact upon the other.

For the same reason, time saved at trial would be *de minimis*, at best. Although there is some overlap between the accused products as to the two patents, this is solely because the infringing instrumentalities happen to be housed within the same external shells. To continue the analogy from Uniloc's opening memorandum, a single patent-infringement trial concerning the (hypothetical) '123 patent relating to dashboards and the '789 patent relating to door handles might involve some of the same witnesses, but the vast majority of the examination—even as to overlapping witnesses—and arguments would relate to the individual patents and disparate technologies.

### D. Apple's suggestion that Uniloc lacks standing to sue is a red herring.

Apple states that, "after this case was stayed, Apple uncovered evidence strongly suggesting that Uniloc gave a third party rights in its entire patent portfolio that strip Uniloc of standing to sue." Dkt. No. 153 (Apple's Opp.) at 5 (referring to *Uniloc USA Inc. et al. v. Apple*

*Inc.*, Case No. 3:18-cv-00360-WHA (N.D. Cal.), Dkt. No. 135 (Apple's Motion to Dismiss)). Apple further argues that, should the Court sever the '852 patent from the case, "the stay should remain in place pending resolution of the issues relating to Uniloc's standing." *Id.* at 8. That resolution has occurred: Judge Alsup rejected Apple's motion to dismiss for lack of standing. *See* Case No. 3:18-cv-00360-WHA, Dkt. No. 158.

## II. CONCLUSION

For the foregoing reasons, and for those stated in Uniloc's opening memorandum, Uniloc respectfully asks this Court to sever Uniloc's claims as to the '852 patent from this case and, in the newly created case, lift the stay with respect to the '852 patent.

Date: January 24, 2019 　　　　　　　　　/s/ Aaron S. Jacobs
　　　　　　　　　　　　　　　　　　　　James J. Foster
　　　　　　　　　　　　　　　　　　　　Aaron S. Jacobs (CA No. 214953)
　　　　　　　　　　　　　　　　　　　　**PRINCE LOBEL TYE LLP**
　　　　　　　　　　　　　　　　　　　　One International Place, Suite 3700
　　　　　　　　　　　　　　　　　　　　Boston, MA 02110
　　　　　　　　　　　　　　　　　　　　617-456-8000
　　　　　　　　　　　　　　　　　　　　jfoster@princelobel.com
　　　　　　　　　　　　　　　　　　　　ajacobs@princelobel.com

　　　　　　　　　　　　　　　　　　　　**Attorneys for Plaintiffs**
　　　　　　　　　　　　　　　　　　　　**Uniloc USA, Inc. and Uniloc Luxembourg, S.A.**

### CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Civil L.R. 5-1.

　　　　　　　　　　　　　　　　　　　　/s/ *Aaron S. Jacobs*
　　　　　　　　　　　　　　　　　　　　Aaron S. Jacobs