UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 18-CV-00357-LHK<br><br>**ORDER DENYING UNILOC'S MOTION TO SEVER AND LIFT STAY**<br><br>Re: Dkt. No. 152 |

On April 30, 2018, the Court stayed the instant action pending final resolution "of all pending IPR proceedings, including appeals." ECF No. 144 at 6. At the time, the Patent Trial and Appeal Board ("PTAB") had not yet decided whether to institute inter partes review ("IPR") on U.S. Patent No. 8,239,852 ("'852 Patent"). *Id.* at 2. However, the PTAB had granted Defendant Apple, Inc.'s ("Apple") petition and instituted an IPR covering all claims of U.S. Patent No. 9,414,199 ("'199 Patent"). *Id.* Thus, the Court concluded that "[e]ven assuming that . . . [the PTAB] ultimately declines to institute IPR with regards to the '852 Patent," a stay would promote simplification of the issues and avoid two separate trials on the two patents-in-suit. *Id.* at 4–5.

Before the Court is Plaintiff Uniloc USA, Inc.'s ("Uniloc") motion to sever all matters pertaining to the '852 Patent and lift the stay with respect to that patent only. ECF No. 152.

Uniloc contends that the Court should sever the '852 Patent and lift the stay because the PTAB denied Apple's petition for IPR review on the '852 Patent. After briefing on the instant motion was completed on January 24, 2019, Uniloc pointed out that on March 8, 2019, the PTAB rendered a final decision in the IPR of the '199 Patent. However, Apple may still appeal the PTAB's final decision to the Federal Circuit. *See* 35 U.S.C. § 141(c) ("A party to an inter partes review or a post-grant review who is dissatisfied with the final written decision of the [PTAB] . . . may appeal the Board's decision only to the United States Court of Appeals for the Federal Circuit.").

The Court's stay order expressly stayed the action pending resolution "of *all* pending IPR proceedings, *including appeals*." ECF No. 144 at 6 (emphases added). Here, Apple may appeal the PTAB's final decision on the '199 Patent to the Federal Circuit. Thus, no reason exists to lift the stay. Moreover, severing the '852 Patent and lifting the stay as to that patent only risks wasting Court and party resources with two separate claim constructions and two separate trials on the two patents-in-suit.

Therefore, the Court DENIES Uniloc's motion to sever the '852 Patent and lift the stay as to that patent only. As the Court stated in its prior stay order, the parties shall submit a joint status report regarding the IPR proceedings on April 30, 2019, or within one week of the conclusion of all IPR proceedings. *See* ECF No. 144 at 6.

**IT IS SO ORDERED.**

Dated: March 11, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

2
Case No. 18-CV-00357-LHK
ORDER DENYING UNILOC'S MOTION TO SEVER AND LIFT STAY